IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MR. EISSA LUTF ABDO SAEED ABULGHAITH,

Petitioner,

vs.

KOLBY FOOTE, in his official capacity as Chief Executive Officer and Warden of the McCook Detention Center; DAVID EASTERWOOD, in his official capacity as Acting Field Office Director, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, St. Paul Field Office; DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; and TODD BLANCHE, in his official capacity as Acting Attorney General of the United States;

Respondents.

**7:26CV5015**

**ORDER TO SHOW CAUSE**

On August 5, 2026, through counsel, Petitioner Eissa Lutf Abdo Saeed Abulghaith, a Yemini citizen, filed a Petition for Writ of Habeas Corpus Under U.S. Code Section 2241. Filing 1. The Petition challenges his continued detention by Immigration and Customs Enforcement (ICE) since August 26, 2025, as allegedly in violation of Due Process, the Immigration and Nationality Act, the Administrative Procedures Act (APA) and the Department of Homeland Security (DHS) regulations. Filing 1 at 1–2 (¶¶ 1, 3). He states that his applications for political asylum, withholding of removal, and pursuant to the Convention Against Torture were denied by an immigration judge (IJ) on December 4, 2025, and that his appeal to the Board of Immigration Appeals (BIA) remains pending. Filing 1 at 2 (¶ 2). He states that apparently his detention by ICE

"had something to do with his 'relationship' to the Houthis in Yemen." Filing 1 at 2 (¶ 2). He alleges, "The reason the Petitioner believes he was detained was because his ex-wife filed false allegations against him with the help of his ex-brother-in-law in the Netherlands." Filing 1 at 3 (¶ 6).

In Count I of his Petition, Abulghaith asserts "Violation of Fifth Amendment Right to Due Process." Filing 1 at 245. This claim alleges,

> 92. Continued detention of Petitioner without the individualized initial assessment after nearly four years of incident free behavior is in violation of the Fifth Amendment right to due process as set forth in *Mathews v. Eldridge*.
>
> 93. The Petitioner is entitled to due process, meaning he should have a chance to see and challenge the evidence against him. When this right is ignored and lengthy and unfair detentions result, this is a violation of his Fifth Amendment right to due process.

Filing 1 at 25 (¶¶ 92–93). In Count II, he asserts "The Government Bears the Burden of Proof of Establishing Danger to the Community or National Security." Filing 1 at 26. This claim alleges,

> 95. Caselaw establishes that when the government detains an alien beyond a specific period without a valid reason it bears the burden of showing it continues to do so.
>
> 96. Valid reasons can be included when an alien has demonstrated dangerous behavior or the propensity to do so.
>
> 97. The Petitioner resided in the United States without incident until his arrest by ICE in August of 2025.

Filing 1 at 26 (¶¶ 95–97). In Count III, Abulghaith asserts "The Petitioner is Entitled to Procedural Safeguards in Bond Proceedings." Filing 1 at 26. This claim alleges,

> 100. The Petitioner is entitled to right to counsel, the ability to present evidence on his behalf and an administrative appeal should it be necessary. In this case, the Petitioner remains detained notwithstanding the fact that no evidence exists that he is a danger to the community or national security other than unsubstantiated allegations in a letter from HIS at Hague in the Netherlands.
>
> 101. The Petitioner argues that these allegations are the work of his ex-wife and brother-in-law as a means of vengeance against the Petitioner.

Filing 1 at 26–27 (¶¶ 100–101). Abulghaith prays for extensive relief, including "ordering Respondents to release him immediately or in the alternative schedule a bond hearing before a neutral immigration judge. . . ." Filing 1 at 27 (Prayer, ¶ e).[1]

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). The writ does not extend to a prisoner unless he or she falls into one of the categories listed in § 2241(c), including *inter alia* that the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus "may be granted." *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

---

[1] Abulghaith prays for the following relief:

a. Assume jurisdiction over this matter.

b. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

c. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

d. Declare that Petitioner's continued detention violates section 1226(a) of the Immigration and Nationality Act.

e. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately or in the alternative schedule a bond hearing before a neutral immigration judge and, at such hearing, afford Petitioner release on a reasonable bond consistent with the decision of this Court.

f. Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

g. Grant any further relief this Court deems just and proper.

Filing 1 at 27 (Prayer for Relief).

As to the applicable procedure for habeas actions, 28 U.S.C. § 2243 provides as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.
>
> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.
>
> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

The Court is not convinced that Abulghaith's all three Counts in his Petition state causes of action that are cognizable—under 28 U.S.C. § 2241 or at all. Nevertheless, it is not clear from Abulghaith's Petition that he is not entitled to any relief at all. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled thereto."). That said, the Court

declines to "forthwith award the writ" based on no more than Abulghaith's allegations. 28 U.S.C. § 2243. Instead, the Court concludes that the proper course in this case is to "issue an order directing the respondent to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* The Court will set a time frame for Respondents to "make a return certifying the true cause of the detention." *Id.* The Court finds good cause, based on the circumstances and allegations presented, to allow Abulghaith a very short time for a written reply after Respondents make their Returns but before any hearing. 28 U.S.C. § 2243 (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."). The Court will wait until it has reviewed the parties' briefs to decide whether or not to set a date and time for any show-cause hearing. *See Ruiz v. Norris*, 71 F.3d 1404, 1406–07 (8th Cir. 1995) (explaining that "an evidentiary hearing [in a habeas case] is unnecessary and not required in cases 'where the petitioner's allegations, even if true, fail to state a claim upon which habeas relief can be granted'" (quoting *Amos v. State*, 849 F.2d 1070, 1072 (8th Cir. 1988))).

Accordingly,

IT IS ORDERED that

1. Petitioner Abulghaith shall serve his Petition and a copy of this Order to Show Cause on Respondents without delay and shall file proof of such service with the Court within twenty-four hours of effecting such service;

2. Respondents shall make a return certifying the true cause of Abulghaith's detention and why his Petition should not be granted not later than three business days after receipt of Abulghaith's Petition and this Order to Show Cause;

3. Petitioner Abulghaith shall have three business days after Respondents file their return(s) to file any reply; and

4. Upon the filing of Respondents' return(s) and Abulghaith's reply, the Court will determine whether or not to set a hearing on this matter prior to disposition.

Dated this 11th day of August, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge